## SIDNEY LOCKETT v. THE STATE.

### No. 3751.  Decided October 27, 1915.

**1.—Murder—Manslaughter—Jury and Jury Law—Citizen.**

Where, upon trial of murder and a conviction of manslaughter, defendant complained that the foreman of the grand jury was not a citizen of the county of the prosecution, but the record showed that he was a citizen of said county, and qualified juror, at the time the indictment was found, there was no error on that ground.

**2.—Same—Charge of Court—Peremptory Charge to Acquit.**

Where, upon a conviction of manslaughter, the evidence sustained the offense, there was no error in the court's failure to peremptorily instruct the jury to find the defendant not guilty.

**3.—Same—Charge of Court—Manslaughter.**

Where, upon trial of murder and a conviction of manslaughter, the court properly instructed on manslaughter, considering the charge as a whole, there was no reversible error on that ground, the jury awarding the lowest punishment.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Fayette.  Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of manslaughter · penalty, two years confinement in the penitentiary.

The opinion states the case.

*L. D. Brown,* for appellant.—On question of court's charge on manslaughter: Cannon v. State, 41 Texas Crim. Rep., 467; Myers v. State, 33 Texas, 525; Franklin v. State, 34 Texas Crim. Rep., 625; McGrath v. State, 35 id., 413.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of manslaughter, his punishment being assessed at two years confinement in the penitentiary.

The only bill of exceptions in the record complains of the fact that Mr. Sam Shelbourne, foreman of the grand jury, was not a citizen of Fayette County, and, therefore, not a competent grand juror, and being incompetent he was a person not entitled to be in the grand jury room at the time the indictment was found. It is unnecessary to discuss that question inasmuch as the facts show that Mr. Shelbourne was a citizen of Fayette County and a qualified juror.

Appellant filed exceptions to the charge at the time it was given, first, because the court did not peremptorily instruct a verdict for the defendant. It is useless to discuss that in view of the testimony. We are of opinion the court was correct in not so instructing the jury. The second exception to the charge is because it gives general and abstract propositions of law upon the subject of manslaughter, not applicable to the facts and issues, and by the giving of which in such general and abstract form the jury were misled and confused to the prejudice of the defendant and caused them to conclude defendant was offering some excuse under his right of self-defense. The charge on manslaughter we think is not subject to the criticism. It gives the general definition of what is meant by under the immediate influence of sudden passion and adequate cause, and that the passion is not the result of a former provocation, and that the act causing death must be caused directly by the passion arising out of the provocation then given, and it is not enough that the mind is merely agitated by passion arising from some other or previous provocation, but in determining as to the provocation at the time, the jury should consider all the evidence in the case, of matters occurring at the time of the difficulty, and all matters occurring prior thereto. The court also gave the definition of adequate cause, etc. The court charged on murder, submitting the punishment, and also on manslaughter, submitting the punishment. Take the charge as a whole, it seems to be sufficient. The court also gave a charge on self-defense, of which there is no complaint. Inasmuch as the defendant received the lowest punishment for manslaughter, and that being an issue in the case under the facts, we are of opinion that there is no such error, even if the charge was not as full and specific as it might have been. Where the charge on manslaughter may be deficient in some ·respects,

and the jury award the lowest punishment, we are of opinion the charge would not be error unless it interfered with defendant's rights to the extent of cutting off or minimizing his theory of self-defense. Had the defendant received above the minimum punishment, the charge would have been critically reviewed, but, as before stated, manslaughter being in the case, and the court fairly presented that question, and the lowest punishment awarded, and in the absence of the fact that he contended it eliminated his self-defense or in anywise minimized it, we do not believe it should be cause for reversal.

The other matters are mainly with reference to the sufficiency of the evidence to support the conviction. This issue was sharply controverted. The State's evidence would make a case fully as high as manslaughter. That for the defendant presented the issue of self-defense. It is not the purpose of this opinion to review the testimony. The issues were made and the jury decided them, and there is evidence which justifies the verdict. Under this view of the record we think the judgment ought to be affirmed. and it is accordingly so ordered.

*Affirmed.*